UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKAL XYLON WILDE,<br><br>　　　　Defendant.<br>_____/ | No. CR-12-0144 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT SIX AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF GRAND JURY TRANSCRIPTS**<br><br>**(Docket No. 20)** |

　　　　The above referenced motions came on for hearing on August 6, 2012. The parties stipulated in open court to the dismissal of Count Six of the Indictment. Accordingly, Count Six is hereby dismissed.

　　　　For the reasons stated on the record and as supplemented herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to compel disclosure of grand jury transcripts. The general rule of secrecy of grand jury proceedings under Fed. R. Crim. P. 6(e) can be overcome where there is a "particularized need" that outweighs the policies of secrecy. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980); *United. States v. Rodriguez*, 380 F. Supp. 2d 1041, 1059 (D.N.D. 2005). Where the defendant shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, disclosure may be warranted. Fed. R. Crim. P. 6(e)(3)(E)(ii). Such dismissal is appropriate where the defendant shows prosecutorial misconduct that "substantially influenced the grand jury's decision to indict or . . . [that] there is a grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova*

*Scotia*, 487 U.S. at 256.  But "mere unsubstantiated speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy."  *Ferreboeuf*, 632 F.2d at 935 (citation and internal quotation marks omitted).  If any disclosure is ordered, it should be structured to cover only the materials needed for the defendant to make his/her showing.  *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 221-222 (1979).

In this case, the government concedes that the erroneous information about Defendant's prior conviction being a felony (when in fact it was ultimately reduced to a misdemeanor) warrants disclosure of the grand jury transcript of the testimony elicited on this point.  The Court also finds that this error presented to the grand jury warrants disclosure also of the prosecutor's argument to the grand jury, any instructions given to the grand jury referencing the prior conviction, and a description of when the testimony was given.  Such disclosures will allow the Defendant to assess and argue (if he sees fit) that the risk that the erroneous information substantially influenced the jury (thus constituting grounds for dismissal of the indictment) warrants a fuller disclosure of the grand jury transcripts.

However, at this juncture such a fuller disclosure is not justified.  In this regard, the Court notes that the central evidence in this case according to the Government was strong, consisting of two eyewitness accounts, a purported confession, and Defendant's ownership of land from which marijuana plants were recovered.  Furthermore, the Government contends the prosecution did not introduce any evidence that the prior conviction was substantially similar to the crimes charged other than Count Six, and thus it is unlikely Defendant was unfairly prejudiced.  The grand jury was only told of the fact of a prior conviction, not its nature or circumstances.  Based on the present showing, the assertion that there is a basis for dismissing the entire indictment is speculative; there is not enough to require disclosure of more of the transcript than the Court has ordered herein.  On the other hand, the limited disclosure ordered hereby will afford Defendant an opportunity to make a stronger case for disclosure.[1]

---

[1] The Court need not resolve at this point whether there was prosecutorial misconduct with respect to the error.

1  The disclosure of those portions of the grand jury transcripts ordered herein shall be
2  completed no later than August 20, 2012. The denial of the remainder of Defendant's motion to
3  compel disclosure is without prejudice as noted above.
4  This order disposes of Docket No. 20.

6  IT IS SO ORDERED.

8  Dated: August 8, 2012

_____
EDWARD M. CHEN
United States District Judge