1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 UNITED STATES OF AMERICA,                    No. CR-12-0144 EMC

9          Plaintiff,

10      v.                                     **ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANT'S
11 MIKAL XYLON WILDE,                          MOTION TO COMPEL; AND
                                               REFERRING ALL DISCOVERY
12          Defendant.                         MATTERS TO MAGISTRATE JUDGE
                                               COUSINS**
13 _____/
                                               **(Docket No. 22)**
14

15

16        The above referenced motion came on for hearing on August 6, 2012.  For the reasons stated

17 in the record and as supplemented herein, the Court **GRANTS IN PART** and **DENIES IN PART**

18 the motion to compel.

19        The parties do not dispute and the case law is clear that the United States Attorneys' Manual

20 ("USAM") does not itself create legal rights in criminal defendants.  *United States. v. Fernandez*,

21 231 F.3d 1240, 1246 (9th Cir. 2000).  It is also not disputed that the Government is required to

22 comply with disclosures required by Fed. R. Crim. P. 16(a) and Criminal Local Rule 16-1.  The

23 Government in this case does not object to doing so on a current basis so that the disclosures are

24 received prior to the Defendant's meeting with the Government under USAM Chapter 9-10.080.  It

25 is also clear that the attorney work product and deliberative process privileges limit disclosures.

26 *Fernandez*, 231 F.3d at 1248.  Other exceptions may apply as well.  *See United States v. Delatorre*,

27 438 F. Supp. 2d 892, 901-02 (N.D. Ill. 2006).

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   Although the discovery requested in the motion is extremely broad and comprehensive,

2   exceeding that which would be covered by Rule 16 and *Brady*, at the hearing herein, defense

3   counsel indicated that Defendant's primary concern at this juncture centered on three categories of

4   documents:  (1) pure *Brady* material; (2) *Brady/Giglio/Henthorn* material, and (3) *Brady* material

5   falling under the Jencks Act.

6   The Court concludes that Jencks Act material need not be disclosed at this early juncture

7   well in advance of trial.  *See United States v. Perez*, 222 F. Supp. 2d 164, 172 (D. Conn 2002).

8   The Government stated it is not opposed to producing traditional *Brady* materials in its

9   possession and will continue to do so on a rolling basis as its investigation proceeds.  The

10  Government shall produce such *Brady* material no later than 21 days after its receipt by the

11  Government.  The Court expects the Government will proceed with due diligence in ascertaining

12  *Brady* material.  The Government confirmed *Brady* materials includes favorable evidence not only

13  on the question of guilt, but punishment as well.  This would include evidence supporting the

14  mitigating factors and negating the aggravating factors in 18 U.S.C. § 3592.  *See Delatorre*, 438 F.

15  Supp. 2d at 901.

16  The area most vigorously contested by the parties concerns *Brady/Giglio/Henthorn*

17  materials.  As noted at the hearing, this Court agrees with those courts which have found that the

18  district court may, in the exercise of its inherent power to manage its docket and provide for the

19  orderly and timely disposition of cases, order that such discovery be accelerated, particularly in the

20  circumstances of the instant case which is considered a capital case given the possibility of a death

21  sentence.  *Perez*, 222 F. Supp. 2d at 170, 171-72.  *See Delatorre*, 438 F. Supp. 2d at 900 and cases

22  cited therein; *United States v. Diaz*, 2005 WL 157191 (N.D. Cal. 2005).  The exercise of that

23  supervision is less problematic than other capital cases inasmuch as this case does not appear to

24  involve multiple defendants, a lengthy pre-arrest investigation, confidential informants, extensive

25  electronic surveillance, etc.  The information described above should be timely disclosed in

26  connection with the death authorization process.  Disclosure of such materials, however, may be

27  exempt upon a showing by the Government of *e.g.* danger to witnesses or impediment to further on-

28  going investigation.  *See Delatorre*, 438 F. Supp. 2d at 901-02.  The Government has raised specific

**United States District Court**
For the Northern District of California

1  concerns about potential witness danger even of those potential witnesses whose identities may be

2  known to Defendant.

3      To accommodate both the Defendant's and the Government's competing interests in this

4  regard, the Court orders that Defendant provide to the Government a list of potential witnesses for

5  whom he requests *Giglio/Henthorn* information (including a description of their possible role in the

6  case). The Government will then submit under seal for *ex parte in camera* review (and possible *ex

7  parte in camera* hearing) a document stating if it objects to producing *Giglio/Henthorn* information

8  on any of the listed witnesses, and if so, the justification therefor backed by evidence. The parties

9  acknowledge that *Henthorn* information on agents is not likely problematic. There also is probably

10 no good reason to withhold *Giglio* information on the two victim/witnesses, the decedent, and

11 Defendant's girlfriend. The Government shall file its response and documentation to the Court

12 within 14 days of receipt of the list from Defendant.

13     To the extent the Defendant's motion to compel exceeds that discovery permitted herein, it is

14 denied without prejudice.

15     The Court refers all discovery disputes, including the resolution of matters herein, to

16 Magistrate Judge Cousins. Thus, the Government shall file its response as ordered above with Judge

17 Cousins.

18     This order disposes of Docket No. 22.

19

20     IT IS SO ORDERED.

21

22 Dated: August 8, 2012

23

24 _____
   EDWARD M. CHEN
25 United States District Judge

26

27

28

3