J. TONY SERRA (SBN: 32639)
BRIAN GREGORY (SBN: 284673)
506 Broadway
San Francisco, CA  94133
Telephone: (415) 986-5591
Fax: (415) 421-1331

Attorneys for Defendant
MIKAL WILDE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:12-cr-00144-EMC |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S PROPOSED EXPERT TESTIMONY OF SUSAN MARVIN RELATING TO COMPARATIVE BULLET LEAD ANALYSIS.** |
| vs. | |
| MIKAL WILDE, | |
| Defendant. | |

INTRODUCTION

The Government has notified the defense that it intends to offer the testimony of Susan Marvin of the Federal Bureau of Investigation as to comparative bullet lead analysis performed in this case. The government contends that bullet fragments recovered from the head of victim Mario Roberto Juarez-Madrid are consistent with and could have come from an unspent cartridge seized from defendant. For the reasons set forth below, the defense respectfully requests that the Court exclude Ms. Marvin's testimony under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) and Federal Rules of Evidence 702, 402 and 403. In the alternative, the defense requests a hearing outside the presence of the jury on this issue.

///

///

1

I.

<u>APPLICABLE LAW</u>

There are five areas of inquiry when determining if expert testimony is reliable enough to present to a jury under Rule 702: (1) whether the theory or technique is falsifiable, refutable, and/or testable; (2) whether the theory or technique has been subjected to peer review and/or publication; (3) the known or potential error rate of the theory or technique; (4) the existence and maintenance of standards and controls concerning its operation; (5) the degree to which the theory or technique is generally accepted in the scientific community. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149-150 (1999); *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993)

II.

THE PROSPECTIVE TESTIMONY OF MS. MARVIN DOES
NOT MEET THE STANDARDS OF *DAUBERT, KUMHO TIRE
CO., LTD,* OR RULE 702.

As the government is well aware, comparative bullet lead analysis is a form of forensic science which has long been discredited. It is remarkable that the government offers such testimony here in light of the fact that the FBI announced on September 1, 2005 that "after extensive study and consideration, [the FBI] will no longer conduct the examination of bullet lead." *See* Exhibit A: FBI Press Release of September 1, 2005. Underlying this decision was the observation of the FBI and the National Research Council of the National Academy of Sciences that: "neither scientists nor bullet manufacturers are able to definitively attest to the significance of an association made between bullets in the course of a bullet lead examination." *See* Exhibit A; *see also* Exhibit B: November 18, 2007 Washington Post Article and Accompanying Documents;[1] Exhibit C: Excerpt of the Relevant Report of the National Academy of Sciences.[2]

---

[1] Available online at http://www.washingtonpost.com/wp-dyn/content/story/2007/11/17/ST2007111701983.html?sid=ST2007111701983; last viewed February 16, 2015.
[2] Entire report available online at http://www.nap.edu/catalog/10924/forensic-analysis-weighing-bullet-lead-evidence; last viewed February 16, 2015.

In fact, the discreditation of this form of "forensic science" that it was featured on a segment of the television program 60 Minutes in 2007.[3]

In short, this method of forensic science cannot even be called science and fails to pass muster under Rule 702 because: (1) the technique is not falsifiable, refutable, and/or testable in that there is no provable connection between the chemical makeup of two bullets; (2) it has been peer reviewed by this nation's most prestigious scientific body and has been found to have been unacceptably unreliable; (3) the error rate is very high as featured in the media coverage surrounding this subject and has led to the conviction of innocent defendants; (4) the technique was never accepted in the scientific community – it was invented by the FBI and, to the knowledge of counsel, the FBI is the only organization ever to have practiced it.

Notably, the courts were ahead of the media on this issue. In *United States v. Mikos*, 2003 U.S. Dist. LEXIS 22069, *18 (N.D. Ill. 2003) (prior to the FBI "discontinuing" this practice), the United States District Court for the Northern District of Illinois determined that:

> In our opinion, [] the required standard of scientific reliability is met only as to the proposed opinion testimony that the elements composition of the bullets recovered from the body is indistinguishable from the composition of the bullets found in the Defendant's car. There is no body of data to corroborate the government's expert's further opinion that from this finding it follows that the bullets must or even likely came from the same batch or melt.[4]

Even if the Court were to follow the court in *Mikos* and allow for testimony as to the chemical composition of the fragments and the unspent cartridge without allowing the witness to opine on any question of probability, the defense will object to such testimony under Rule 402. In short, if similarity in chemical composition cannot predict whether the bullet which formed the fragments recovered from the victim belonged to the defendant, the testimony is irrelevant to the question of guilt.

///

///

---

[3] Available online at http://www.cbsnews.com/news/evidence-of-injustice/; last viewed February 16, 2015.

[4] A copy of this opinion is attached as Exhibit D.

CONCLUSION

The introduction of such testimony in this case would be unduly inflammatory and prejudicial to the defendant and as such the defense respectfully requests that Ms. Marvin's testimony be excluded pursuant to Federal Rules of Evidence 702, 402 and 403 as well as *Daubert, supra,* and *Kumho Tire Co., Ltd.*, *supra.*

                                        Respectfully submitted,

Dated: February 16, 2015          */s/ Brian Gregory*
                                        J. TONY SERRA
                                        BRIAN GREGORY
                                        Attorneys for Defendant
                                        MIKAL WILDE

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on February 16, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: February 16, 2015

/s/   Brian Gregory
BRIAN GREGORY